**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ARMANDO OSORIO-GUTIERREZ, AKA Luis Armando Osorio, | No. 12-70800 |
| Petitioner, | Agency No. A095-730-180 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Luis Armando Osorio-Gutierrez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We deny in part and grant in part the petition for review, and we remand.

Osorio-Gutierrez does not challenge the BIA's finding that he abandoned any challenge to the IJ's denial of asylum as time-barred.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

In denying Osorio-Gutierrez's withholding of removal claim, the agency found Osorio-Gutierrez failed to establish past persecution or a likelihood of future persecution on account of a protected ground.  When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Osorio-Gutierrez's withholding of removal claim to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, in denying Osorio-Gutierrez's CAT claim, the agency did not consider the police's reaction to Osorio-Gutierrez's experience or the risk to Osorio-Gutierrez in light of the subsequent harm to his nephews. *See Eneh v. Holder*, 601 F.3d 943, 948-49 (9th Cir. 2010) (agency erred by failing to analyze potentially dispositive evidence). Thus, we remand Osorio-Gutierrez's CAT claim for further proceedings consistent with this disposition. *See Ventura*, 537 U.S. at 16-18.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**